**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.** H-24-525 |
| | § | |
| **CHRISTOPHER "MAC" CASSITY, Defendant.** | § | |
| | § | |

# PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas and through Steven Schammel, Assistant United States Attorney; and the Public Integrity Section of the United States Department of Justice, Criminal Division, through Chief Corey R. Amundson, and through Demetrius D. Sumner, Trial Attorney; and the defendant, Christopher "Mac" Cassity ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

## Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the information. Count One charges Defendant with Honest Services Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 1346. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Sections 1343 and 1346, is imprisonment of not more than 20 years and a fine of up to $250,000 or twice the greater of the gross gain or loss from the offense. Additionally, Defendant may receive a term of

supervised release after imprisonment of up to 3 years. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00). The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the

Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty pursuant to this plea agreement, the United States will not prosecute Defendant for any other offense arising from the conduct described in the information; and

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

**Agreement Binding - Southern District of Texas and Public Integrity Section, Criminal Division, United States Department of Justice Only**

10. The United States Attorney's Office for the Southern District of Texas and the Public Integrity Section of the Criminal Division agree that they will not further criminally prosecute Defendant for the specific conduct described in the information. This plea agreement binds the United States Attorney's Office for the Southern District of Texas, the Public Integrity Section of the

Criminal Division, and Defendant. It does not bind any other United States Attorney's Office or unit of the United States Department of Justice. Nor is this agreement intended to provide any limitation of liability arising out of any acts of violence. The United States Attorney's Office for the Southern District of Texas and Public Integrity Section of the Criminal Division will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

12. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of

the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the information. If this case were to proceed to trial, the United States could prove each

element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

> Between on or about July 29, 2019, and December 29, 2022, Defendant, **Christopher "Mac" Cassity**, did devise and intend to devise a scheme to defraud and deprive the citizens of the United States of their right to the honest services of "Public Official A," a U.S. Customs & Border Protection ("CBP") employee, through bribery, and, for the purpose of executing such scheme, did transmit and cause to be transmitted writings, signs, signals, pictures, and sounds in interstate commerce, in violation of Title 18, United States Code, Sections 1343 and 1346.
>
> From in or around April 2011 through February 2023, Public Official A was employed by CBP, a federal agency within the United States Department of Homeland Security, as an Information System Security Officer ("ISSO") in Pharr, Texas. As an ISSO, Public Official A implemented CBP's Enterprise Physical Access Control Systems ("PACS"), an information security system designed to manage the physical access of CBP employees and contractors to more than 2,300 CBP facilities throughout the United States and elsewhere. Public Official A was CBP's PACS subject matter expert in federal security regulations concerning CBP facilities, security controls, access devices, and other matters related to physical facility security. Accordingly, CBP contracting officers, contracting officer representatives, and program managers (collectively, "CBP contracting officials") routinely consulted with and relied upon Public Official A during the CBP procurement process. They understood Public Official A to be the ultimate authority on PACS and his decisions on matters concerning PACS to be final.
>
> On or before July 29, 2019, Public Official A and Defendant, a State of Maryland resident, devised and executed a bribery/kickback scheme whereby Public Official A would use his official position to direct CBP contracts to Defendant's company Mid-Atlantic Social Media Marketing LLC doing business as IVV Solutions ("IVV Solutions") and, in return, Defendant would make kickback payments to Public Official A.
>
> To execute the bribery scheme, Defendant did, among other things:
>
> (1) make public filings with the State of Maryland Department of Assessments and Taxation to establish "IVV Solutions" as a trade name of Mid-Atlantic;
> (2) communicate, negotiate, and contract with CBP contractors in furtherance of the scheme;
> (3) open Howard Bank accounts in the name of "Mid Atlantic Social Media & Marketing LLC DBA IVV Solutions" (collectively, "IVV Solutions' bank accounts") which Defendant used to receive payments from CBP contractors on contracts directed to IVV Solutions by Public Official A and make kickback payments to Public Official A; and

(4) make the kickback payments to Public Official A that were transferred by wire from IVV Solutions' bank accounts to bank accounts in the name of conduits that were controlled and used by Public Official A.

Specifically, during numerous CBP procurement consultations occurring between July 2019 and September 2022, Public Official A falsely represented to CBP contracting officials that they must select a contractor from a list of Public Official A's preferred contractors because they were the only contractors with required facilities access credentials. Further, Public Official A threatened that CBP contracting officials would be fined for violating federal law by selecting contractors other than the preferred contractors. During a voluntary, recorded interview conducted by agents with CBP's Office of Professional Responsibility ("CBP-OPR") in January 2023, Public Official A acknowledged the falsity of these representations and making them in order to direct CBP contracts to contractors that would contract IVV Solutions to perform Independent Verification and Validation services (IV&V). Additionally, Public Official A authored and revised statements of work for CBP bids and contracts; improperly disclosed confidential budget information to contractors; directed CBP contractors to contract IVV Solutions and requested that CBP contractors disguise IV&V related expenses in order to prevent detection of the bribery scheme; and facilitated the contractors' payments to IVV Solutions for such services.

Between July 2019 and September 2022, five contractors were selected to perform PACS installations and, at Public Official A's direction, contracted IVV Solutions. During the scheme, the contractors paid $814,570 to IVV Solutions. These payments were deposited into IVV Solutions' bank accounts.

Pursuant to their agreement, Defendant made approximately fifty-eight (58) kickback payments totaling approximately $443,125 to Public Official A, by wire money transfers, payroll payments, and checks mailed to Public Official A's residential addresses in the Southern District of Texas. The wire transfers and payroll payments were processed through servers located in the States of Maryland, Texas, and elsewhere. For example, on or about February 14, 2020, a CBP contractor wired $35,970 to IVV Solutions' bank account for IV&V services related to a CBP contract that Public Official A directed to IVV Solutions. That same date, Defendant sent a text message to Public Official A stating, "Send me all your bank info again. So when I get there I'll have all I need." On February 18, 2020, Defendant wired $9,000 to a bank account in Conduit A's name, but was controlled and used by Public Official A. On March 3, 2020, Defendant sent a text message to Public Official A stating, "I'll just send money to you. This one will be a check though which I can mail tomorrow." Public Official A replied, "Ok but please make it to [Conduit A]." Defendant replied, "Well yes, sorry, of course :-)." Thereafter, Defendant mailed a $9,000 check made payable to Conduit A to Public Official A's residential address in Mission, Texas, which Public Official A deposited into a bank account in Person A's name on March 11, 2020. Defendant intended the wired money and mailed check to be kickback payments to Public Official A. Further, the text messages, executed in furtherance of the scheme described herein, were transmitted from Defendant's phone, located in the

State of Maryland, to Public Official A, located in the State of Texas, through servers located in various states.

Defendant transferred approximately $332,100 from IVV Solutions' bank accounts to his personal bank accounts for his use and personal enrichment.

The parties agree and stipulate that the value of the payment obtained by the Public Official A to be used for the purposes of Section 2C1.1(b)(2) of the United States Sentencing Guidelines is $443,125.

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines.

Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Forfeiture**

18. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document, and to forfeit or abandon any assets seized during this investigation or a related investigation [including but not limited to the following specific assets:];

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $814,570.00 from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount;

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

19. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

20. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by

the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

21. This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

[The space below is intentionally left blank.]

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on November 7, 2024

Christopher "Mac" Cassity
Defendant

Subscribed and sworn to before me on November 7, 2024

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: ______________________
Deputy United States District Clerk

APPROVED:

Alamdar S. Hamdani
United States Attorney
Southern District of Texas

By: ______________________
Steven Schammel
Assistant United States Attorney
Southern District of Texas

By: ______________________
Gregg Bernstein
Attorney for Defendant

Corey R. Amundson
Chief, Public Integrity Section
U.S. Department of Justice

By: ______________________
Demetrius D. Sumner
Trial Attorney, Public Integrity Section
U.S. Department of Justice

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.** H-24-525 |
| | § | |
| **CHRISTOPHER "MAC" CASSITY,** | § | |
| **Defendant.** | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

Attorney for Defendant

11/07/24
Date

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

Defendant

11/07/24
Date